Pearsox, J.
 

 Ferguson & Milhado, of Norfolk, had in store for the plaintiffs 3134 bushels of corn, ©n the 25th ofMarc’n 1848, the plaintiffs sold to the defendant 2522 bushels of the corn at $2 60 per barrel; and in payment took the hill of the defendant, (which was never paid and was returned at the trial.) and gave the defendant an order upon Ferguson & Milhado for the corn, which order Was returned by them to the defendant. On the 2nd of May 1848, the parties agreed, that the plaintiffs should draw a bill on Ferguson & Milhado for $117 66, at ninety days, which the defendant should endorse ; that the corn, mentioned in the order, should be subject to the control of the defendant, and. should be sold by him before or at the maturity of the bill, and the proceeds applied to the payment, of the bill; and if the proceeds should be more or less than the amount of the bill, it was to be a matter for future adjustment. The bill was accordingly drawn and endorsed, and accepted by Ferguson & Milhado, who paid it to the endorser, by whom it was discounted for the plaintiffs, and it was finally repaid to Ferguson & Milhado by the plaintiffs. The whole ofthe 3134 bushels of corn remained credited to the plaintiffs, on the books of Ferguson <fe Milhado, until June 184S, when it was de« s'royod by fire. The 2S22J bushels
 
 were never separated from the bulk of
 
 3134
 
 bushels.
 

 The action was assumpsit for the price of 2822 J bushels of corn at $2 60 per barrel, making $1467 15. The Court charged, that, if the plaintiffs, on the 25th of March, delivered to the defendant, and he accepted the order for the corn, the property passed, and the subsequent loss by fire fell on the defendant. And, if the property did not pass by the transaction of the 25th of March, it did pass by the agreement of the 2nd of May, if the evidence was believed,
 

 
 *611
 
 The defendant excepts to the charge ; and we thin.'j there is error.
 

 To entitle the plaintiffs to recover, the property of the corn must have passed to the defendant, so as to make it his corn when it was burnt. We think the property did not pass, either by what was done on the 25th of March, or on the 2nd of May ; because the corn was not in a condition to be delivered. The 2822é bushels were not separated from the bulk. It could not, therefore, be identified — it was not specific. The defendant could not tell what corn was his.
 

 . We are relieved from the necessity of discussing this question ; because it is settled by several cases directly in point.
 
 White
 
 v.
 
 Wilks,
 
 5 Taunton 176. The agreement was for twenty tons of oil in the vendor’s cisterns, and, in point of fact, the cistern contained much more than twenty tons. Held at
 
 nisi prius,
 
 that no property passed; because the contract did not attach on any particular portion oí the oil. The Common Pleas approved of the decision. One of the Judges says, “suppose a part of the oil had leaked out, can any one say whose oil it was
 
 V’
 
 So, in
 
 Bush
 
 v.
 
 Davis,
 
 2 M. & S. 397. The agree* ment was for ten tons of flax at “Davis’ wharf, by vrow Maria.” The vendors had more than ten tons at “Davis» wharf by vrow Maria.’ The King’s Bench decided, that no property passed, although an order was given for ten tons and was accepted by the wharfinger. Le Blanc, J. says, “it wras to be ascertained what goods the vendee was to have.” Something was to be done to ascertain the
 
 individuality. Blackburn on Sales
 
 124, 56 L. lib, 68, and the cases there cited.
 
 Austin
 
 v.
 
 Craven,
 
 4 Taunton 644.
 

 It wras insisted, that, in this case, no measuring was necessary or intended to be made, and there w'as no reason, why the defendant should desire his corn to be separated from the bulk, until he madé sale of it, and that the par
 
 *612
 
 ties intended by what was done to deliver the corn — to pass the property as an executed contract; and so, was distinguished from
 
 Devan
 
 v.
 
 Fennell, 2
 
 Ire. 36.
 

 It is true, when the property is specific and is in a condition to be identified and delivered, and the intention is proven to be, that the property shall
 
 presently pass,
 
 it does pass; although something remains to be due, as to put bows upon a wagon, which was sold and delivered,
 
 Allman
 
 v.
 
 Davis, 2
 
 Ire. 12, or to measure, or to weigh, so as to ascertain the precise amount. For instance, if I sell
 
 all
 
 the corn in a certain crib at $3 60 per barrel, and it is the intention that the corn shall presently pass to the purchaser and become his property, it does pass, although it is necessary afterwards to have the corn measured to ascertain the amount and fix on the sum to be paid ; be cause, supposing the thing to be in a condition to be delivered, the fact, that something remains to be done to ascertain the quantity and fix the amount to be paid, only raises a presumption, that it was not the intention of the parties, that the property should pass, until the weighing or measuring was done.
 
 Devan
 
 v.
 
 Fennel,
 
 2 Ired. 36.— But this presumption may be rebutted, and the property does pass, if the jury -are satisfied, that such was the intention.
 
 Allman
 
 v.
 
 Davis, 2
 
 Ire. 13.
 

 , But it must be borne in mind, that this is only true in regard to such things as are
 
 in a condition to be delivered.
 
 If the corn is in bulk, so that there is no telling what corn in particular was sold, there the property does not pass; although it was the intention of the parties to consider it as delivered and that the property should.pass. The intention may rebut a presumption, but it is impossible by an intention to change an
 
 indefinite
 
 into a
 
 défimte
 
 thing. If I sell one hundred bushels of corn in my crib, which contains a thousand, although the purchaser pays me the money, and it is the intention, that the property therein shall presently pass to him, yet it does not pass»
 
 *613
 
 because, it is
 
 physically impossible.
 
 It cannot be told what corn is his, until it is separated. The purchaser could not bring detinue; because he cannot describe the specific thing; and if any of the corn in the crib be stolen or damaged, before the one hundred bushels are delivered, can it be told whose corn it was ? Or rather, would not the purchaser have a right to call for one hundred bushels of sound corn, the loss or damage to the contrary notwithstanding ? The vendor should have required the vendee to assume the risk, when the corn was put at his disposal.
 

 Per Cukjam. Judgment reversed and
 
 ¿venire de novo
 
 awarded.