ALLEN, J., dissenting; HOKE, J., concurring in the dissenting opinion.
Action upon contract for sale and delivery of goods, wherein the defendants set up a counterclaim for damages for the plaintiff's failure to deliver in accordance with its terms.
The defendants appealed from the following judgment:
This case coming on to be heard, and being heard before his Honor,Stephen C. Bragaw, judge presiding, and a jury, at the April Term, 1912, of WAKE.
After the conclusion of the evidence, the following admissions having been made for the respective parties, the plaintiff and the defendant, through their counsel in open court, to wit:
The plaintiff admits that if it is determined that it has been guilty of breach of contract in refusing to deliver to the railroad station as requested, and that the breach has not been waived, that such breach of contract was the cause of the injury sustained by the defendant.
The defendants agree that under protest they directed the delivery to the river landing after a refusal of Captain Rhem to deliver to (566) the railroad station, and if they thereby waived breach of contract, that they are liable for the full amount of balance due on the peanuts and insurance for additional time.
It is further stipulated that the above admission should be construed in the light of the evidence.
It was then agreed that the court should answer the issue upon the evidence and admissions herein set out, the said answer to be treated as though found by the jury. The court thereupon finds that the plaintiff was guilty of breach of contract, in that it refused to deliver peanuts at the railroad station as requested. The court further holds as a matter of law that the defendant waived said breach. The court therefore *Page 463 
answers the issue as follows: "Is the defendant indebted to the plaintiff, and if so, in what amount?" A. "Yes; $773.16, with interest from 1 June, 1911."
It is therefore ordered and adjudged by the court that the plaintiff recover from the defendant the sum of $773.16, with interest thereon from 1 June, 1911, until paid, together with costs of this action, to be taxed by the clerk.
 STEPHEN C. BRAGAW, Judge Presiding.
The further facts are stated in the opinion of the Court by MR. JUSTICE BROWN.
In this action plaintiff seeks to recover balance due on 10,475 bushels of peanuts, sold to defendants, who pleaded a breach of contract by way of counterclaim.
By consent, the judge below tried the case as judge and jury. He rendered a verdict and judgment for plaintiff.
We concur with his Honor in the judgment rendered, but think that, while reaching a correct conclusion, he gave the wrong reason for it. In no view of the evidence has there been a breach of the contract by plaintiffs. The peanuts were sold in December, 1909, to be delivered and paid for 1 January, 1910, at the railroad station at Tillery, four miles distant, or at the river landing a few hundred yards from (567) plaintiff's barn, at option of defendants. On 1 January defendants paid for 10,000 bushels and requested that the entire lot remain in plaintiff's barn until called for. This was agreed to upon defendants paying the insurance. On 24 May, 1910, defendants requested Supervisor Rhem, at plaintiff's farm, to deliver at once to Tillery's Station 500 bags of peanuts. Rhem replied that he had no authority to deliver them at Tillery's; that defendant must phone Superintendent Laughinghouse. The latter had made the contract. Defendants did not phone the superintendent, who was at the time on the farm and within reach, and request of him a delivery at Tillery's. The evidence shows the demand on Rhem was a sudden demand without notice and made at a moment when all the teams were engaged in plowing and when it was extremely inconvenient to make the delivery at a place four miles distant.
As the entire contents of the barn had been sold to defendants, and nothing remained but to measure them, and as defendants had paid for the estimated contents, and accepted them, the title passed to defendants, *Page 464 
1 January, and after that the peas were held at their risk. Waldo v.Belcher, 33 N.C. 609. Then plaintiff became a mere accommodation bailee without hire, and required to exercise only slight care.
The plaintiff had notified defendants it was prepared to deliver 1 January, according to contract. The time for hauling the peas to the station or the boat was indefinitely postponed at defendant's request without any consideration. Under such circumstances the plaintiff was entitled to reasonable notice; it could not be compelled to stop the blows as a moment's notice to commence hauling peas to a distant station. All the authorities agree that where delivery is at the option of the buyer, the seller is entitled to reasonable time after notice within which to make delivery. 35 Cyc., 182, and cases cited. What is a reasonable time is to be determined by the circumstances attending the particular transaction. In this case no prior notice whatever was given, and the seller, it seems, was expected to make immediate delivery without it. The demand was unreasonable.
(568) We are further of opinion that there was a waiver of delivery at Tillery's and that the delivery on 24 May at the steamer landing was made at defendant's voluntary request.
It is true that it is stated in the judgment that "the defendants agree that under protest they directed the delivery to the river landing." This is not a finding of fact by the court or an admission by plaintiff. It is a mere statement of defendants, and is at variance with their own evidence. M. Hoffman in his testimony states that immediately after he returned to Tillery from the State Farm he phoned to Rhem to deliver the peanuts at the river landing, and did not attempt to phone or wire Laughinghouse at any time, as it was plainly his duty to do, if he still desired a delivery at Tillery's.
This is not a case of compulsion, or involuntary waiver from necessity, like the cases cited in defendant's brief. The judgment is
Affirmed.