*419
 
 Ruffin, C. J.
 

 Until the case of
 
 Cox
 
 v.
 
 Brown,
 
 5 Ired. 194, was brought up at the last term, we had never heard, that any body supposed, that, if a widow died, her creditors or children were entitled to claim out of the husband’s estate as much as would have supported her for a year, if she had lived. It seemed to us to be a complete perversion of the act, which makes the provision for the temporary maintenance of the widow and her family. There is no necessity for any such construction; and, indeed, it is opposed to the plain purpose of the legislature. For, until administration, that is, up to the next court after the husband’s death, the widow is expressly authorised to take possession of the whole estate, and use as much of it as she may need for herself and family; and, after administration, a summary remedy is given to her for an allowance for a year, provided she apply for it immediately. All this shews that the purpose was to make provision for the pressing wants of the widow personally, and to enable her, at that mournful juncture, to keep her family about her for a short season, and prevent the necessity of scattering her children abroad, until time were allowed for selecting suitable situations for them. That was the sole object of the law, and not to give to the widow an additional interest in the personal estate of the husband, in the nature of a distributive share, transmissible to her executor. It is true, that by the allotment to her the property in the things necessarily vests in the widow, and that it will not be divested by her not consuming them, or dying within the year. But it requires the allotment to have that effect; and, until it be made, she has no just right, that can pass to her representatives ; for the law did not intend to provide for her creditors or next of kin against those of the husband. Still less can the children claim through their mother. For, if she have any right, it must go to her executor or administrator, and not directly to her children ;■ for, as children, they would be entitled to distribution of the mother’s estate after payment of her debts, and no provision is made for a widow’s children against her creditors. As children of the deceased husband they cannot claim ; for they
 
 *420
 
 are included in the act only under the general name of the
 
 “
 
 widow’s family.” Indeed, there can be no reason, why the infant children of one intestate father should not be provided ^ ag.ajngt ys creditors, as well as those of another; and it could not be meant that their right should depend on the accidental circumstance of their father’s leaving or not leaving a widow, or her claiming or not claiming the allowance. Be sides, the act gives the same right to a year’s allowance to ,a widow who dissents from her husband’s will; and this shews clearly, that the children can have no distinct right in the allowance. For, if the gifts in the will be to the children, as they generally are, it is idle to make to them an allowance out of their own estate; and if they be to strangers, it is a plain violence to the legislative intention to defeat the gifts of the will, pro
 
 tanto
 
 and transfer the property to the testator’s children, because the widow dissents from the provision made for her. Indeed, the impossibility of supporting the construction, insisted on for the plaintiffs, is clear from the inability of the Judge of the Superior Court to designate the several interests of the widow’s administrator and of the children, in the event that has happened. The decree is, that the allowance shall be allotted to those parties “ according to their respective rights.53' The statute gives no rule upon that point; and as no such determination could be made, it is proof that they have no such rights, at all.
 

 The judgment of the Superior Court must therefore be reversed and that of the County Court affirmed, with costs in this Court and in both of the Courts below.
 

 Per CuRIam, Judgment reversed and judgment for the defendant.