DAVID BETHEA v. LEMUEL BYRD.

*Appeal—Record—Transcripts.*

1. The Supreme Court will not hear arguments on appeal until the transcript of
the record is perfected, but will remand the cause to the end that a proper
record may be certified.

2. The transcript should *always* show that a Court was held at the time and place
and by the Judge prescribed by law ; and it should also set forth with cer-
tainty the matters in controversy upon which the appellate Court will be
called upon to deliberate and determine.

3. The irregular practice of sending up, by piece-meal, essential portions of the
record will be no further tolerated.

(*State* v. *Butts*, 91 N. C., 524; *Rowland* v. *Mitchell*, 90 N. C., 649, cited and ap-
proved).

This was a CIVIL ACTION tried before *Shepherd, Judge,* at Fall
Term, 1884, of HARNETT Superior Court.

There was judgment for the plaintiff, and the defendant appealed.

*Messrs. W. E. Murchison* and *J. W. Hinsdale,* for the plaintiff.
*Messrs. A. M. Lewis & Son,* for the defendant.

SMITH, C. J.   This suit, begun by the issue and service of the summons on the defendant in November, 1878, was brought to trial upon issues as to the plaintiff's title to the land in dispute, the wrongful withholding of possession by the defendant, and the consequent damages suffered.

During this long intermediate period the record takes no notice of the filing of any complaint or answer, to show the purpose of the action or the subject matter in controversy.   There can be no issues where there are no pleadings, since they spring out of contested allegations thus appearing.   Such was the state of the record when the cause came on to be heard and was argued.

Since, papers purporting to be the complaint and answer, and certified as such, have been laid before the Court to correct the omission and perfect the record.   We are not disposed to indulge this irregular mode of proceeding.   The transcript should be complete before the hearing, and any defects should be corrected by consent of counsel, or by an application for a proper writ to supply what may be wanting.   Where the cause has proceeded to argument and the record in its imperfect condition has passed into the hands of the Court for final adjudication, amendments or additions must be the result of an application to the Court for leave to withdraw it in order that corrections may be made as suggested.   Unless this is done, the appeal will be disposed of in accordance with the established practice in such cases.

The papers now offered find no appropriate place *in the record,* which is entirely silent in regard to them, and except in their caption we should not know to what term they belonged or where to insert them.   We cannot tolerate the loose practice of filing additional papers as part of the record, which is still left imperfect,

and repeat the remark of MERRIMON, J., delivering the opinion of the Court, in a recent case: "It must appear," is his language, "*in the record*, with reasonable certainty that a Court was held by a Judge authorized by law to hold it, and at the place and time prescribed by law." *State.* v. *Butts*, 91 N. C., 524.

Following the course pursued in disposing of a case with similar imperfections, *Rowland* v. *Mitchell*, 90 N. C., 649, we remand the case with leave to the appellant to bring up a perfected record, if he shall be so advised, for a hearing of the matters set forth in their case agreed.   Let this be certified.

Remanded.