UPSHUR GUANO COMPANY v. THEO. F. MALLOY.

*Contract— Vendor and Vendee—Sale.*

1. Goods were sold and delivered to defendant under a contract that the vendee should deliver to the vendor the "farmers' notes," given for the purchase of such as were sold, payable May 15th; and if these notes were unpaid at maturity, the vendee should give his individual notes for the payment, and the "farmers' notes" were to be held in trust as collateral security : *Held*, that in an action of "claim and delivery" for certain of the goods unsold, that when the goods were shipped to vendee the title passed to him.

2. That this agreement did not constitute a conditional sale, but was an absolute sale of the goods.

This was a CIVIL ACTION, tried at the September Term, 1889, of the Superior Court of RICHMOND County, before *Shipp, J.*

The plaintiff made affidavit in claim and delivery proceedings alleging ownership in certain guano, as per contract, which is as follows:

"DEAR SIR: We will sell you our fertilizers at the following prices, delivered at railroad depot at Norfolk, Va., viz.: 500 tons Bone and Peruvian Guano, $____ cash, $27.50 May 1st, 1885; New Era Champion Guano, $____ cash, $____ May 1st, 1888.

"When the above-named goods are sold at prices payable on first of May, and it is desired and agreed to extend the time of payment to the fall, you will give us your note, or notes, when called upon for same, with interest added from first of May to maturity, at rate of nine per cent. per annum; and the maturity of said notes shall be made to average not later than fifteenth day of November, 1885, unless otherwise agreed in writing. (See below.) All farmers' notes and liens taken by you for sale of guano purchased from us on time are to be sent to us by fifteenth day of May. We will return same to you in ample time for collection, and all said notes and liens, and (or) any and all moneys or valuable consideration of whatever kind realized therefrom, or from your book accounts for sales of said goods, shall be held by you in trust for us until your own notes in our favor shall have been paid. It is agreed between the parties hereto that the notes given to Upshur Guano Company for guano purchased under this contract, at prices and upon conditions above set forth, shall be made to average due not later than the 15th day of November, 1885. (See below.)

"You can deduct ____ per cent. per month for payments in advance of maturity.

"UPSHUR GUANO CO. (Norfolk, Va.)

"By FRANK E. WILCOX, *Secretary.*

"I accept the above terms this 13th day of January, 1885, at Laurinburg, N. C. THEO. F. MALLOY."

FREIGHT AGREEMENT.

The schooner's freight from Norfolk to Wilmington is to be advanced by Upshur Guano Company, and included, with nine per cent. interest from date of payment, in notes averaging due November 15th, 1885. One-half ($\frac{1}{2}$) of the railroad freight from Wilmington to the interior points is also to be advanced by the Upshur Guano Company, payable, with nine per cent. interest from date of payment, May 1st, 1885.

It is hereby subsequently agreed that the notes given in payment of guano and schooner's freight to Wilmington, N. C., are to be divided into four (4) equal payments, maturing as follows:

One-fourth due November 1st, 1885.
One-fourth due November 15th, 1885.
One-fourth due December 1st, 1885.
One-fourth due December 15th, 1885.

UPSHUR GUANO CO.
Per FRANK E. WILCOX, *Sec.*
THEO. F. MALLOY.

*Laurinburg, N. C., January* 13, 1885.

The defendant, in his answer, denied the several allegations of the complaint—

1. That plaintiff was a corporation.

2. That plaintiff was the owner, and entitled to the portion of the guano seized by the Sheriff under claim and delivery proceedings, by virtue of the foregoing contract.

3. That the defendant unlawfully withheld said guano when the other was bought.

The defendant admitted that the foregoing contract put in evidence was that executed by him and plaintiff at its date.

The plaintiff introduced Berry Bryant as a witness, who testified: That he was Sheriff of Richmond County at the time this action was brought, and that he served the claim and delivery papers; that he delivered a copy of the affidavit of plaintiff to the defendant Malloy, who opened it and looked at it, and, as witness thought, read it, but he was not sure about this; that McIntyre, a clerk of defendant, was present at the time, and heard what was said; that witness demanded a delivery of the guano described in the affidavit to him, and McIntyre, in the presence and hearing of Malloy, the defendant, told witness it was in the warehouse, near the depot; that Malloy said nothing after looking at the affidavit, nor at the time witness made the demand. The witness went to the warehouse and found the guano described in the affidavit; the warehouse was used by Malloy, the defendant, for storing his goods.

The contract, a copy of which is annexed to the affidavit of plaintiff in the claim and delivery proceedings, and a part of the record in the case, was introduced in evidence, and used by the plaintiff. There was no evidence, other than the contract, of the existence of the plaintiff as a corporation.

Upon the evidence offered by the plaintiff, his Honor intimated that plaintiff could not recover; whereupon, plaintiff, in deference to this intimation of his Honor's opinion took a nonsuit, and appealed to the Supreme Court.

The plaintiff made affidavit in claim and delivery proceedings, alleging ownership in certain guano, as per contract.

The action was brought December 12th, 1885.

*Messrs. Burwell & Walker* filed a brief for plaintiff.

*Messrs. S. C. Weill* and *J. D. Shaw (Mr. W. H. Neal* filed a brief), for defendant.

AVERY, J.—after stating the facts: According to the agreement (a correct copy of which appears in the statement of the facts), the time of payment for the guano shipped was the first of May ; but, if the defendant desired indulgence, we find, by construing both of the memoranda signed by the parties, that the time of payment was, by the terms of the contract, to be extended, and the defendant, " *when called* upon," was to give the plaintiff his four notes, for equal installments, payable respectively November 1st, November 15th, December 1st and December 15th, 1885, with interest added to each, at the rate of nine per centum from May 1st, 1885, till the date of maturity.

There is neither an allegation nor evidence that these notes were or were not executed. The plaintiff alleges that the guano has not been paid for, but offers no testimony in support of that controverted allegation. It does not appear whether the plaintiff ever called upon the defendant to execute the notes.

When the one hundred and twenty bags of guano were delivered at the railroad depot at Norfolk, the property in them passed to the defendant. Nothing that was necessary to perfect the defendant's title remained to be done.

The plaintiff had no right to seize or sell the guano, unless the contract could be construed to be a conditional sale or mortgage. The agreement in the case of *Chemical Co.* v. *Johnson*, 98 N. C., 123, provided that the notes taken by the defendant Johnson, for sales of goods, were to be forwarded and held as collateral security for the payment of notes executed by him to the plaintiff company, and that "all of the goods, as well as the proceeds therefrom, were to be held in trust by him for the payment of his notes due the company, whether the same had matured or not." In our case, the notes and proceeds of sale were to be held in trust, but not the guano itself. Yet the Court, even in that case, held that the delivery, as in this, passed the property in the fertilizer

shipped. In *Millhiser* v. *Erdman*, 98 N. C., 292, and same case, 103 N. C., 27, it was held that the title to the property shipped did not pass to the purchaser, nor vest in his assignee, because, by the very terms of the contract, the execution of the drafts were of its essence, and the sale was not to be complete until they were executed and delivered. It does not appear in this case whether the notes were called for, and if so, whether they were executed and forwarded.

We therefore see no error in the intimation of his Honor, that the admission of the execution of the contract offered, and the testimony of the witness Bryant, did not make a *prima facie* case for the plaintiff.

There is no error. The judgment must be affirmed.

Affirmed.