### S. W. TRAVERS v. THOMAS DEATON.

*Arrest and Bail—Motion to Vacate Order—Affidavits—The Code—Agency—Fiduciary Capacity—Findings of Fact by the Court.*

1. In arrest and bail proceedings, a motion was made by the defendant to vacate the order of arrest. The Court found that the facts were sufficient to sustain the order: *Held,* that the findings of fact by the Court below are final, and will not be reviewed by this Court unless it be objected properly that there was no evidence to support them.

2. *The Code,* § 291, par. 2. referring to parties liable to arrest, is intended to embrace all cases where the relation of trust and confidence in respect of money received or personal property in possession by one party for the benefit of another is raised by contract.

3. Where the defendant agreed to receive and sell for plaintiff, for cash and on time, certain guano described, himself becoming liable and indebted for its value at an agreed price, accounting and turning over to plaintiff the guano unsold and the proceeds of all sales: *Held,* (1) this constituted a fiduciary relationship embraced by *The Code,* § 291, par. 2; (2) if the defendant has converted such funds to his own use, he is liable to arrest.

This was a Motion to vacate an order for arrest of the defendant in arrest and bail proceedings, heard by *McCorkle, J.,* at Dobson, in Surry County, at Chambers, during the August Term, 1890, of SURRY Superior Court.

The plaintiffs brought their action, and at once applied for and obtained an order of arrest, under which the defendant was arrested. Afterwards, the latter moved to vacate the order of arrest. The Court heard the motion upon affidavits and the written contract sued upon, and found the facts, the material parts of which findings are as follows:

"That on the 19th of December, 1888, the plaintiffs and defendant entered into a written contract, of which the following is a copy:

"RICHMOND, VA., December 19th, 1888.
" *To Thomas Deaton, Troy, N. C.:*

"We will furnish you in bags, free on board cars at Hoffman, N. C., thirty tons National Fertilizer, or as much more as may be mutually satisfactory, at $28 per ton, all ordered by you, to be settled for in cash (see reduction named below) or by your note or notes, to average due November 15th, 1889, and made payable at our office, we to have the right to call on you for your note or notes in settlement for same at any time we may desire. If you prefer, on May 1st, 1889, instead of settling at $28 per ton in money, you may do so at 350 pounds middling cotton per ton, to be delivered at Hoffman, N. C., but this offer not to extend later than May 1st, 1889. And it is understood that the said fertilizer is furnished with a guarantee of analysis, but not of results from its use, and all of said fertilizer that may be left unsold, and all proceeds from sales, are held in trust by you for the payment of your indebtedness to us.

"On May 1st next, or sooner if possible, you agree to deliver to us our notes of the planters or other purchasers to whom you have sold this fertilizer on time, for the gross amount of the sales of the same, to be held by us as collateral security for the payment of your obligations as above stated, and these collateral notes are to be returned to you for collection, and all proceeds of said notes or accounts as collected must be first applied to the payment of your notes to us, whether the same shall have matured or not.

"And it is further agreed that on or before May 1st, 1889, you are to turn over to us the cash for all cash sales that you may make of this fertilizer, upon which there is to be a reduction of $1.50 from price stated above, the same reduction in price to extend to any more of said fertilizer that you may desire to advance the cash for in settlement at that time. Make shipment as desired.

"S. W. TRAVERS & Co.
Per C. W. Priddy."

"*Messrs. S. W. Travers & Co.:*

GENTLEMEN—Your offer is hereby accepted upon the terms and conditions stated in this contract.

THOMAS DEATON.

December 19th, 1888."

That under the said contract the plaintiff shipped to the defendant a large quantity of National Fertilizer, to-wit, forty tons, and the defendant duly received the same, and became indebted to the plaintiff therefor in the sum of eleven hundred and thirty dollars; that in pursuance of the terms of said contract the defendant, on the 22d day of June, 1889, executed and delivered to plaintiff two notes, aggregating the sum of eleven hundred and twenty dollars; that the defendant sold and disposed of said fertilizer to divers persons and parties, and took from them cash, and also notes and other evidences of indebtedness, made payable to plaintiff; that the defendant wrongfully and fraudulently detained, misapplied and converted to his own use the cash which he received from the sale of said fertilizer, and failed and refused to account for and turn over same to plaintiff, although requested to do so by plaintiff; that defendant wrongfully and fraudulently detained the notes and evidences of indebtedness aforesaid, collected same, and unlawfully, wrongfully and fraudulently converted the proceeds from same to his own use, and failed and refused to account for and pay over same to plaintiff, although demanded so to do; that in all of the transactions aforesaid the defendant was acting in a fiduciary capacity.

The motion to vacate the order of arrest was denied. The defendant, having excepted, appealed to this Court. He assigned error as follows:

1. That his Honor erred in finding the defendant fraudulently and wrongfully misapplied the funds of the plaintiff, when no fraud is alleged, or appears from the record.

2. That his Honor erred in holding that the defendant was the agent, and acting in a fiduciary capacity, under the contract dated December 19th, 1888.

*Mr. W. C. Douglas,* for plaintiffs.
*Mr. R. B. Glenn,* for defendant.

MERRIMON, C. J.—after stating the facts: This is an action at law, and hence we have no authority to review the find-. ings of fact by the Court below. Such findings are final, and must be accepted here as warranted by competent evidence, unless it should be objected in a proper way that there was no evidence to support the findings, or one or more of them. We can only review questions and matters of law in such cases arising upon the facts as found. *Burke* v. *Turner,* 85 N. C., 500; *Hale* v. *Richardson,* 89 N. C, 62; *Young* v. *Rollins,* 90 N. C., 125; *Coates* v. *Wilkes,* 92 N. C., 376, and there are many other like cases. If the appellant intended to insist that there was no evidence of fraud, he should have excepted on that ground, and sent up the evidence, so that we might determine its character.

The statute (*The Code,* § 291, par. 2) provides, among other things, that a defendant may be arrested "in an action * *. * for money received, or for property embezzled or fraudulently misapplied * * * by any factor, agent, broker or other person in a fiduciary capacity," &c. This provision is plain and very comprehensive in its terms and purpose. It intends, certainly, to embrace all cases where the relation of trust and confidence in respect to money received by, or personal property in the possession of, one party for the benefit of another, is raised and exists between such parties by reason of their mutual contract, express or implied. The purpose is to give the more efficient remedy where the cause of action involves a breach of trust on the

part of the defendant sustaining a fiduciary relation to the plaintiff.

Now, the defendant expressly agreed, for a sufficient consideration, that he would hold any of the unsold fertilizers mentioned, and all the proceeds of such as he should sell, in trust for the benefit of the plaintiffs in the payment of his debt to them; and further, to deliver to the plaintiffs the notes he might take from planters and others for such fertilizers sold to them by him, and to apply all proceeds of such notes as collected to the payment of his debt to the plaintiffs, whether the same had matured or not, to the extent such proceeds might be necessary for the purpose specified. The defendant, in his contract with the plaintiffs in respect to the fertilizers he bought from them, assumed, in a sense, an agency of them in respect thereto—he agreed that he would owe them for the same, and apply the proceeds of the sale thereof to the payment of his debt to them; that he would hold the notes and money he received on such account in trust for them for the purpose specified. As soon as he sold the fertilizers and received notes or money for the same, he was at once charged with a trust as to the same in favor of the plaintiffs. The contract embraced, and the consideration thereof supported and made binding, all the material stipulations contained therein. So that, accepting the facts as found in connection with the agreement in writing, it is clear that the defendant might be arrested in this action for the alleged breach of his fiduciary relation to the plaintiffs. *Chemical Co.* v. *Johnson*, 98 N. C., 123; *Powers* v. *Davenport*, 101 N. C., 286; *Guano Co.* v. *Malloy*, 104 N. C., 674.

There is no error. Let this opinion be certified to the Superior Court according to law.

No error.