W. A. COX, Administrator, v. NANCY A. JONES et al.

*Appeal—Transcript of Record—Judgment, Vacating.*

The Supreme Court will not consider an appeal from a motion to set
·aside the orders, decrees, etc., in an action or special proceeding,
for irregularities, unless the transcript contains a record of such
action or proceeding; and where it appears that the original record
has been lost or destroyed, the cause will be remanded, to the end
that the record may be properly supplied.

This was an APPEAL from a judgment rendered at Spring
Term, 1891, of Jones Superior Court, *McIver, J.,* presiding.

*Mr. John Devereux, Jr.,* for plaintiff.
*Mr. H. R. Kornegay,* for defendant.

MERRIMON, C. J.: This is a motion made in September of
1888, to set aside, for alleged gross irregularities, the orders
and judgments made in 1871 in a special proceeding brought
by the plaintiff administrator to obtain license to sell land
to make assets to pay debts of his intestate. The transcript
of the record is very voluminous and confused. The evi-
dence on which the findings of fact are based is improperly
sent up, as there is no exception on the ground there was
no evidence to support some finding of fact. In a case
like this, this Court cannot review such findings. The evi-
dence sent up is mere redundant matter, serving no purpose
here.

It was not brought to our attention on the argument, as it
should have been, that the transcript did not contain the
record of the special proceeding—it only embraced the
record of the motion and proceedings subsequent thereto.
It is essential that we have the record before us, in order that
we may see and determine what the irregularities are, if

there be such. Hence, we directed that a writ of *certiorari* issue to the Clerk of the Superior Court commanding him to certify the record to us. He has made return of the writ, sending only fragmentary parts of the record, and stating that these were all he could by diligent search find in his office. He failed to send a transcript of the summons, the petition and the report of sale. Moreover, he did not send up, as he should have done, a copy of the deeds made by the administrator to the purchaser of the land.

We cannot properly decide the case until the record of the special proceeding is before us. To the end that so much of it as is lost or destroyed may be properly supplied, we remand the case. The Court below will have authority to supply the necessary record according to law, and to make all appropriate amendments and orders necessary to perfect the appeal. *Bethea* v. *Byrd*, 93 N. C, 141. Let the case be remanded, accompanied by a certified copy of this opinion.

Remanded.