*In re* VENIE S. HAYES (Widow).

*Widow's Year's Allowance—Construction of Statute—Number
of Dependent Family.*

The purpose of sections 2116 and 2117 of *The Code* is to provide for the
    dependent family of the deceased residing with the widow at the
    death of her husband, and not at the date of her application; and
    therefore where, according to the report of the commissioners, two
    children under fifteen years of age resided with the widow at the
    death of her husband, and one died before the application for
    year's provision was filed: *Held*, that the widow was entitled,
    under the statute, to an allowance for two children.

*In re* HAYES.

PETITION for a year's provision under the statute heard, on appeal, before *Shuford, J.,* at Spring Term, 1892, of GATES Superior Court.

At the time of the death of T. E. Hayes, September, 1891, he left him surviving and living in his house his said widow and four children under the age of fifteen years, of which children two were the children of the petitioner and two were the children of a former wife.

The petitioner continued to live in the husband's house with his family, including his children by his former wife, until the death of one of her own children, in December, and she soon thereafter removed with her remaining child, and was living to herself when, in February, 1892, she filed her application.

The commissioners found the number of the family, under the statute, to consist of the widow and her own two children, one of which had died, as above stated, before the application was made for her year's provision, and they allowed the petitioner five hundred dollars, less the amount used of husband's estate after his death by her.

The administrator excepted to the report on the ground that, under the above statement of facts, the Commissioners ought to have found that the family consisted only of the widow and one child, and that they ought to have allowed her only four hundred dollars, less amount of estate of husband used after his death by her.

The Clerk sustained the exception and modified the report accordingly, and the petitioner appealed to the Superior Court.

The Judge on appeal overruled the judgment of the Clerk, and the administrator appealed.

*Mr. W. D. Pruden,* for petitioner.
*Mr. L. L. Smith,* for administrator (appellant).

MacRae, J.: We see no reason why we should disregard the plain words of the statute and restrict the allotment of the year's support, as contended for by the administrator, to the measure of the family at the time of the application.

Section 2116 of *The Code* provides that "every widow of an intestate * * * shall be entitled, besides her distributive share in her husband's personal estate, to an allowance therefrom for the support of herself and her family for one year after his decease." The next section fixes the amount, and section 2119 (that which we are now to construe) defines the word "family" to be "besides the widow, every child either of the deceased or of the widow, and every other person to whom the deceased or widow stood in the place of a parent, who was residing with the deceased at his death and whose age did not then exceed fifteen years."

The widow seems not to have claimed that the allotment should be made to cover the two children by the former marriage who were part of the family at the death of the intestate, as no mention of them is made in the record. The facts of this case afford an apt illustration of the reason why the section should receive a literal interpretation. The provision was made for widows in 1796, because under the then existing laws it was in the power of the administrator to expose to sale the whole crop and provisions of the deceased, and thereby deprive the widow of the means of subsistence for herself and family. It was personal to her, and if she died pending the proceedings and before the allotment, it abated and could not be laid off to the children. *Ex-parte Dunn*, 63 N. C., 137, and cases cited. Its purpose, as said in *Kimball* v. *Deming*, 5 Ired., 418, "was to make provision for the pressing wants of the widow personally, and to enable her at that mournful juncture to keep her family about her for a short season, and prevent the necessity of scattering her children abroad, until time were allowed for selecting suitable situations for them."

The number of children residing in the family at the death of the intestate, according to the report of the commissioners, was two. The amount of the allotment was fixed by the statute and was personal to the widow. How necessary must it have been to her then, when the death of her husband was followed, probably by the sickness, and soon by the death, of one of the children—this sad event, we may well presume, entailing more of expense and of immediate necessity upon her than the amount of the allowance to her on account of the child!

We cannot conclude that it was the intention of the statute to deprive the widow of this portion of the allowance because of the death of the child before the filing of her petition.                                          Affirmed.