DAISY HOLLOMON v. E. D. HOLLOMON, Executor of R. W. HOLLOMON.

(Decided October 10, 1899.)

*Widow—Minor—Dissent From Will— Year's Allowance— Members of the Family.*

1. In dissenting from her husband's will and applying for year's allowance, the widow, being a minor without guardian, may be represented by next friend, duly appointed as prescribed by Rule 16, Superior Court, 119 N. C., 963, and in accordance with The Code, sec. 180.

2. Where the testator provides for his infant children by a former marriage—appointing a guardian of their persons and property, directing him to take them to live with him, and educate them out of the profits of the estate—they do not constitute a part of the family, after his death, and such widow is not entitled to extra allowance for the support of her step-children.

APPLICATION for year'sallowance for Daisy Hollomon, widow of R. W. Hollomon, instituted before a Justice of the Peace in Mitchell's Township in BERTIE County.

From the finding of the Commissioners there was an appeal to the Superior Court, and from the ruling of the Clerk an appeal was taken to the Judge at Term, and determined before *Hoke, J.,* at Spring Term, 1899.

R. W. Hollomon died leaving him surviving the plaintiff, his widow, under age, and two infant children by a former marriage. His will was admitted to probate and the defendant, named as executor, duly qualified.

The following is a copy of the will:

WILL OF R. W. HOLLOMON.

In the name of God, amen. I, Rocius W. Hollomon, of Bertie County, North Carolina, do make, declare, ordain

and publish the following as my last will and testament, hereby expressly revoking any and all wills heretofore made by me:

Item 1. Reposing confidence in the wisdom and integrity of my brother Efferson D. Hollomon, I hereby appoint, nominate and constitute him my executor to this will.

Item 2. I direct my executor to pay my debts and funeral expenses out of the first moneys coming into his hands.

Item 3. I wish all of my personal property of every kind to be disposed of by my executor as the law directs, and he shall distribute it under the statute of distributions as set out in The Code of North Carolina.

Item 4. I direct my executor to have set apart and allotted to my wife, in the manner prescribed by law, her dower of thirds in my lands.

Item 5. I lend to my two children during their lives all of the real estate I own now or may own at my death, and I direct my executor to take charge of such lands as are not allotted to my wife as her dower, and rent out the same until my children become 21 years old. After both of said children become 21 years old then they are to take possession of the said lands and use and enjoy them for life.

Item 6. At the death of my two children I give, devise and bequeath the said lands in fee simple to the children born of my said two children and to their heirs forever.

Item 7. In the event my two children die without having issue born to them, then I devise and bequeath said lands, all of them, to my heirs generally living at the death of the survivor of said two children.

Item 8. It is the clear intent and purpose of this will to lend all of my lands to my daughter, Bessie A. Hollomon, and my son, Clingman Hollomon, for and during their lives, and to vest the fee simple in any children they may have, the said

land to be divided into two equal shares, and one share to go to the children of Bessie and one share go to the children of Clingman. If Bessie has children and Clingman has none, then her children get all the land. If Clingman has children and Bessie none, then his children get all. If neither of them has children, then my brothers and sisters and their heirs get the land.

Item 9. I hereby appoint my brother Efferson B. Hollomon as guardian of my two children, and give him entire charge and control of their persons and property. He is to take them to live with him and to care for and educate them out of the profits of my estate. He is to give no bond, but to be subject to the orders of the court in executing said trust.

In testimony of all of which I, Rocius W. Hollomon, do hereunto set my hand and seal, this March 23, A. D., 1898.

R. W. HOLLOMON.    [Seal.]

At the request of R. W. Hollomon, in his presence and in the presence of each other, we write our names as witnesses to this will. He declares all of the foregoing to be his will and testament, and he executed and signed the above paper writing in our presence.

This March 23, 1898.

JOHN C. BRITTON.
W. S. TAYLOE.

The widow dissented from the will, and being under age without guardian, her father, John J. Myers, was duly appointed next friend, and represented her in this proceeding and also in her application for year's support. The Commissioners in laying off the allowance assigned the widow $300, and allowed nothing to her for support of the step-children, giving as the reason in their report:

HOLLOMON *v.* HOLLOMON.

We find as a fact that the deceased, R. W. Hollomon, left him surviving two children, Bessie Hollomon and Clingman Hollomon, both under the age of fifteen years—children of the said R. W. Hollomon by a former marriage, both of whom resided with the said R. W. Hollomon and wife, Daisy Hollomon, at the death of said R. W. Hollomon, in the home with them. We further report that we did not allow anything to the said widow for the said two children, they not residing with said widow at the time of her application, but living with their testamentary guardian, E. D. Hollomon.

To this action of the Commissioners in allowing her nothing for the children the widow excepted and appealed to the Superior Court, and the Clerk at the hearing modified the ruling of the Commissioners by allowing the widow $100 for each of the children, and also overruled an objection made by the defendant to the regularity of the proceeding in allowing the widow to be represented by a next friend.

The defendant excepted to the ruling of the Clerk and appealed to the Judge at Term. His Honor sustained the rulings of the Clerk, and the defendant excepted and appealed to the Supreme Court.

*Mr. Francis D. Winston,* for defendant (appellant).
*Messrs. B. B. Winborne* and *St. Leon Scull,* for appellee.

CLARK, J. The first exception is that the widow, who is an infant, did not enter her dissent by her guardian, as provided in Code, sec. 2108, but by next friend, and that she is represented in this proceeding and has appealed by such next friend. The next friend was duly appointed in the mode prescribed by Rule 16, Superior Court, 119 N. C., 963. The objection is entirely technical and if it had any force we would allow the motion to make the guardian party in this

court in the interest of justice, under The Code, sec. 965. But the exception is altogether without merit, for The Code, sec. 180, expressly provides that in "actions and special proceedings" (which embrace all civil remedies, Code, secs. 125, 127), whenever any infant or other person under disability shall be without guardian, then such infant, etc., "may appear by next friend." The rule necessarily contemplates the appointment of next friend in some cases, and it is only when there is no guardian that they are needed.

The second exception is that the widow was allowed, in addition to the $300 for herself, $100 each for her two step-children. They were children of the husband by a former marriage and were living with him at his death, but by virtue of his will they were immediately transferred to the custody of his brother, who was appointed their guardian and executor of the will. The will gives him "entire charge and control of their persons and property" and he is directed "to take them to live with him and to care for and educate them out of the profits of the estate" which is left entirely to the two children, subject only to the widow's right of dower. The executor immediately took the children home to live with him, leaving them only a few days with the widow, at her request, as her guests. In no sense were they "members of her family" at any time after the death of the husband.

Sec. 2118 allows $300 for the widow and "$100 in addition thereto for every member of the family besides the widow." Sec. 2119 restricts the "family" to children of the deceased, or of the widow, or to whom either stood in *loco parentis,* under fifteen years of age "who were residing with the deceased at his death." The object of this last clause was to exclude from the bounty children who might come in after such death to make themselves "members of the family" and evidently was not meant to embrace those who, as in the pres-

ent instance, cease as a consequence of the death to be members of the family and chargeable as such to the widow, for The Code, 2116, says that the year's provision is "for the support. of herself and family." The $300 is for her support. The additional $100 for each child under fifteen years of age is not for her benefit, but to enable her to provide for such children, if any there be, who are members of the family.

It would be "sticking in the bark" indeed to take $200, which must come out of the property placed in the hands of the guardian for the support of these very children, and give it to the step-mother, who by the will is deprived of their custody and relieved of all expense of their support.

The counsel for the plaintiff relies upon *In Re* Hayes, 112 N. C., 76. There, the child was living with the widow, and without controversy a member of her family up to its death. Having come within the terms and intention of the statute, it was held that its subsequent death could not deprive the mother of the $100 additional allowance provided for such child. In that case, the objection to the allowance for the child came from the administrator representing creditors, and here from the children themselves whose property is being taken. Besides, it was pointed out in the opinion in *Hayes'* case that the expense of medical attention and burial probably consumed the $100 allowed. Here, the custody of the children being given to the guardian by the will, and he having taken them to his home at once, neither by the letter nor the spirit of the statute is the widow entitled to an allowance for them.

So much of the judgment as allows the plaintiff $200 on account of the two children is reversed.