IN RE STEWART.

(Filed November 22, 1905).

*Year's Allowance—Widow—Children Under 15 Years of Age.*

In a proceeding for an allowment of year's allowance, under Revisal, sections 3091-5, the widow, who declined to take two children, by a former marriage, under 15 years of age, and keep them for one year and apply a portion of the money received as her allowance to their support, is entitled to only $300, and not an additional $100 for each of the children.

APPLICATION for year's allowance for Irene E. Stewart, widow of Frank P. Stewart, instituted before a justice of the peace. From the finding of the commissioners there was an appeal to the Superior Court, and from the ruling of the clerk an appeal was taken to the judge at term, and heard by *Judge Charles M. Cooke,* at May Term, 1905, of the Superior Court of STOKES.

The matter was heard upon an agreed statement of facts, of which the following are material to a decision of the case: Frank P. Stewart died testate on November 1, 1904, leaving an estate of the value of $3,490, all of which he bequeathed to Maud S. Haywood, his eldest child. W. W. Haywood, husband of the legatee, qualified as administrator *cum testamento annexo* on November 16, 1904, and took possession of the decedent's estate. At that time the widow, Irene Stewart, was ill at the home of her mother in Sampson County. On December 2, 1904, she dissented from the will of her husband, and on December 28 of the same year, applied for her year's allowance. At the time of the death of Frank P. Stewart, there lived with him two of his children by a former marriage, George B. and Frank P. Stewart, Jr., both under 15 years of age. While the widow was at the home of her mother, these two children were carried by the administrator to his home in

Charlotte, where they have since resided and now reside. On March 15, 1905, the administrator wrote to the widow proposing to pay her an allowance of $500, if she would take the children of her deceased husband and keep them for one year, which proposition she declined, and made application to a justice of the peace for the allotment of her year's support. The justice allowed her $500, and upon appeal to the clerk of the Superior Court, this allowance was affirmed. In the hearing before the clerk, W. W. Haywood, who had qualified as guardian of the two Stewart children, was made a party to this proceeding. Upon appeal from the ruling of the clerk to the judge in term, judgment was rendered reducing the widow's allowance to $300, and, by consent of the administrator and legatee, an allowance of $200 was made to the two children. · The widow excepted to this judgment and appealed.

*J. T. Morehead, W. P. Bynum, Jr.,* and *G. S. Ferguson, Jr.,* for the widow.
*W. F. Harding* for the administrator and guardian.

BROWN, J., after stating the facts: In this proceeding for the allotment of a widow's year's allowance, the appellant contends that she is entitled to receive $300 for herself and $100 for each of the children for her use and benefit. The appellee, administrator of the estate and guardian of the two members of the family of the deceased under the age of 15 years, contends on the other hand that inasmuch as the widow has declined to take the two children and keep them for one year and apply a portion of the money received as her allowance to their support, she is entitled to only $300 and not to an additional $100 for each of the children. We are of opinion that the contention of the appellee is right both upon reason and authority.

Statutes providing for the allotment of a portion of the

property of a deceased person for the support of the widow and family for one year have been in force in this State since 1796 (chap. 469). The Legislature of that year recognized the hardship of the laws then existing, whereby it was in the power of the administrator to expose to sale the whole crop and provisions of the deceased, and thereby deprive the widow of the means of subsistence for herself and family; and it was to prevent this hardship that they provided for the allotment to the widow of such part of the crop, stock and provisions as may be "necessary and adequate for the support of the widow and family for the space of one year." Under this act the amount of the allotment was determined by the number dependent upon it for support. The purpose of the act was to provide support for the widow and to enable her to keep her family about her until provision could be made for their final disposition.

Subsequent acts relating to this subject have not changed the original purpose of the Legislature in passing the act of 1796, but have merely made more definite the measure of the allotment, defined the word "family" as used in the act, and provided that in case there is no widow, or she dies before her allowance is allotted, there shall still be an allotment for the benefit of the members of the family surviving under the age of 15 years. This latter provision of our present statute (Rev. sec. 3094) apparently meets the objection to the former statute sustained in *Kimball v. Deming,* 27 N. C., 418, and subsequent cases, wherein it was held that the allowance was personal to the widow and could not be set apart for the members of the family if there was no widow, or if she died before the allotment. The latest expression of the Legislature on this subject is contained in Revisal of 1905, sections 3091, 3092, 3093, 3094, and it is upon the construction of this statute that the case before us depends.

Section 3092 (similar to section 2118 of The Code) provides for an allowance of $300 to the widow and "one hun-

dred dollars in addition thereto for every member of the family besides the widow."

Section 3093 (Code, sec. 2119,) defines the "family" as "every person to whom the deceased or widow stood in place of a parent, who were residing with the deceased at his death and whose age did not then exceed 15 years."

"The object of this last clause," says the present *Chief Justice,* in *Hollomon v. Hollomon,* 125 N. C., 29, "was to exclude from the bounty children who might come in after such death to make themselves 'members of the family' and evidently was not meant to embrace those who, as in the present instance, cease as a consequence of the death to be members of the family and chargeable as such to the widow, for The Code, section 2116, says that the year's provision is 'for the support of herself and family.' The $300 is for her support. The additional $100 for each child under 15 years of age is not for her benefit, but to enable her to provide for such children, if any there be, who are members of the family. It would be 'sticking in the bark' indeed to take $200, which must come out of the property placed in the hands of the guardian for the support of these very children, and give it to the step-mother, who by the will is deprived of their custody and relieved of all expense of their support."

We can see no distinction between the *Hollomon case* and the case before us. The practical effect of the decision in that case is that membership in the family, which ceases upon the death of the father, cannot be made the basis for determining the amount of the widow's year's allowance, and the $100 designated by the statute as the amount allowed for each member of the family under 15 years of age must be used for their support.

The refusal of the widow to accept the children, in the present case, as members of her family and contribute to their support, operates as a bar to her right to the allowance of an additional $100 for each of them just as effectually as

if she had been deprived of their care by will. To permit her to use this money and refuse to contribute to the children's support would be a perversion of both the letter and spirit of the statute.

Affirmed.