JULIA MANN v. T. A. MANN ET ALS., EXECUTORS.

(Filed 21 February, 1917.)

**Executors and Administrators—Year's Support—Statutes.**

> The assignment of a year's provisions to the widow under Revisal, sec. 3098, is made at a time when the value of the decedent's estate may not be known, and does not preclude her right to an increase thereof under Revisal, sec. 3103, when it appears that the personal estate exceeds the value of the $2,000 prescribed, and her petition states the value of the allowances already made and the value of the articles consumed by her.

SPECIAL PROCEEDING by plaintiff for an increased allowance for year's provision under section 3104, Revisal, heard upon appeal from the clerk by *Whedbee, J.,* at Fall Term, 1916, of HYDE.

Upon the hearing the court rendered judgment in favor of plaintiff, from which defendants appealed.

*Spencer & Spencer, Harding & Pierce for plaintiff.*
*Manning & Kitchin, S. S. Mann for defendants.*

BROWN, J. It appears from the findings of fact that plaintiff, widow of J. A. Mann, was assigned a year's provision of $300 on 12 September, 1916, by his executors in accordance with section 3098 of Revisal. It is contended that such assignment is a bar to any subsequent petition for an increased allowance under section 3103 *et sequitur.* This contention cannot be sustained. The statute, taken as a whole, plainly indicates that the year's provision of $300 is intended for the immediate and pressing needs of the widow. It may or may not be all that she can receive, depending entirely upon the value of the estate. If the estate shall turn out to be insolvent or does not exceed $2,000, the allowance for the support of the widow shall not in any case exceed the amounts named in section 3092, and, in the language of the statute, section 3103, "The allowance made to her as above prescribed shall preclude her from any *further allowance.*"

In her petition for such "further allowance" the widow is required to state the value of any allowance already assigned to her, as well as

GALLOP v. R. R.

the value of articles consumed by her. The very language of the statute plainly indicates that the widow may have a further allowance in addition to the first, if the estate exceeds $2,000.

The reason the widow is not estopped by the assignment of $300 (which is generally made by the personal representative immediately after the death of her husband for her immediate needs) is because neither she nor the personal representative is supposed at that time to know the value of the personal estate, and it would be unjust to hold the widow bound by an allotment of $300 when, as in this case, the estate turns out to be worth more than the $2,000 prescribed by the statute.

Affirmed.