KITTY H. DREWRY v. RALEIGH SAVINGS BANK AND TRUST COMPANY ET ALS.

(Filed 30 May, 1917.)

1. Appeal and Error—Widow's Year's Support—Evidence—Statutes.

Where a widow's year's support has been allotted (Rev., sec. 3104), and the judgment of the clerk (Rev., sec. 3107) appealed from, and the court after passing upon the amount allowed changes that theretofore made, the Supreme Court on appeal will not review the facts found, when there is sufficient evidence to support them.

2. Statutes—Widow's Year's Support—Equity.

The proceedings to allot a year's support is statutory and without an element of equitable jurisdiction. Revisal, secs. 3104, 3107.

3. Statutes—Widow's Year's Support—Wills—Dissents—Equity.

The "rights" and "estate" referred to in the statute, Revisal, sec. 3080, allowed to the widow dissenting from her husband's will, is the right to

a year's support, together with a child's allowance, and her estate is her dower interest, and both rest by statute without equitable cognizance, except when equity may be invoked to enforce her legal rights.

**4. Statutes—Widow's Year's Support—Jury—Trials.**

When the widow's right to a year's support is admitted, the amount is a question of law arising under the statute, and the statutory method must be pursued, which does not require a trial by jury; and especially so when no objection thereto is duly taken or demand therefor aptly made.

**5. Statutes—Widow's Year's Support—Minor Children—Allowance.**

Where a year's support is made for the widow and minor children it should be allowed to the widow, who is charged with the support of the children, and the increase of the allowance made in such instances is for that purpose.

**6. Statutes—Widow's Year's Support—Allowance—Discretion—Abuse.**

Where the estate of the deceased husband is large, left in good condition, with annual income of $38,000, an allowance of a year's support to the widow of $12,500, who has a minor son, less the value of the household furniture, is held not an abuse of the Superior Court's discretion which the Supreme Court will review.

SPECIAL PROCEEDING for the allotment of a year's support under Revisal, sec. 3104 *et seq.,* in the Superior Court of WAKE, upon appeal from the clerk, by *Devin, J.,* at March Term, 1917.

From the judgment rendered the defendants the Wachovia Bank and Trust Company, general guardian of James G. Hanes, Jr., and Joseph B. Cheshire, guardian *ad litem* of John C. Drewry, Jr., appeal.

*Manning & Kitchin for plaintiff.*
*Murray Allen, Francis A. Cox for defendants.*

BROWN, J. The record discloses that the petitioner is the widow of John C. Drewry, who died on 2 October, 1916, leaving a will, from which she dissented. This special proceeding was instituted for the allotment of a year's support.

The judgment by the clerk, as authorized in section 3107, Revisal, was entered. The order to the sheriff was issued to summon a justice of the peace and two indifferent persons qualified as jurors. They heard testimony, examined witnesses, informed themselves as to the net annual income of the deceased for the three years prior to his death, and the condition of his estate, and made their report to the clerk of the court. They allowed petitioner certain articles of household furniture, found the net annual income of the deceased for three years prior to his death to have been in excess of $38,500; that his estate was large and in good condition, and allowed the petitioner $15,000 for the support of herself and

family. Exceptions were filed by the several defendants. The clerk heard the exceptions, examined witnesses, confirmed the report as to the valuation of the furniture allotted to petitioner, and reduced the allotment to her to $8,000. The petitioner and defendants excepted and appealed. Judge Devin, holding the courts of the district, heard testimony, examined witnesses as to the net and annual income and the condition of the estate of deceased and as to what would be a reasonable amount to allow the petitioner for the support of herself and family. The evidence is set out in the record. His Honor found the facts and rendered the judgment set out in the record, allowing the petitioner $12,500, to be reduced by the value of the furniture allotted. To this judgment the guardian *ad litem* of John C. Drewry, Jr., and the guardian of James G. Haines, Jr., appealed.

The contentions of the defendants, appellants, are as follows:

1. This court has jurisdiction to review all the evidence in this case for the purpose of deciding whether the allotment of $12,500 is proper under the provisions of the statute, Revisal, sections 3103 and 3110.

2. If issues of fact were raised by the appeal from the clerk's order, it was the duty of the clerk to transfer the case to the civil-issue docket for trial by jury, and the court was without jurisdiction to find the facts and render judgment.

3. Upon review of all the evidence, it will appear that the allotment of $12,500 is excessive.

4. The findings of fact by the court are not supported by sufficient evidence.

5. If the amount to be allotted is a matter of discretion, there has been an abuse of discretion in this case.

6. The court should have ordered an apportionment of the amount between the widow and her minor son.

There is an abundance of evidence to support the findings of the judge, and that being so, this court will not review the facts. *Cox v. Jones,* 110 N. C., 309; *Creed v. Marshall,* 160 N. C., 394; *Travers v. Deaton,* 107 N. C., 500.

The contention that the allotment of a year's provision is an equitable proceeding, and that, therefore, this court will review the facts, cannot be sustained.

There are very few actions or proceedings, even of an equitable character, in which we undertake to review the findings of fact where supported by evidence. We sometimes do in preliminary injunctions, but in those matters, if the judge below has found the facts, we adopt them if supported by evidence.

But this is not now a proceeding of an equitable character. It is purely statutory and regulated and given by the statute law, just as assignments of dower and the setting apart of a homestead and personal exemption.

When a widow dissents from the will of her husband (3080, Revisal) she "shall have the same rights and estates in the real and personal property of her husband as if he had died intestate." The estate referred to is dower; the rights referred to are the year's support and child's part as a distributee. These are all legal rights, enforcible at law, and not cognizable in a court of equity. It may be that occasion may require that to enforce her legal right she may be required to invoke the powers of equity; but her rights are simply rights at law. Her special proceeding to have her dower allotted is at law. *Efland v. Efland,* 96 N. C., 488; *Tate v. Powe,* 64 N. C., 644; *Parton v. Allison,* 109 N. C., 674; *ibid.,* 111 N. C., 429.

The defendants were not entitled to a jury trial upon the appeal to the judge.

In the first place, the statute does not provide for a jury trial. Strictly speaking, in this kind of a proceeding issues of fact are not raised by pleadings. The right to a year's support being admitted, the amount to be allowed is only a question of fact, and must be determined in the manner directed by the statute. The procedure in this proceeding is identical with that approved in *Mann v. Mann,* 91 S. E., 355.

In the second place, if defendants were entitled to a jury trial, they waived it by making no demand for it and by submitting no issues. A party to an action cannot be heard to demand a jury trial after the facts are found against him, when he has offered evidence and submitted to a trial by the court without objection.

There is abundant evidence to support the findings, and the amount allowed by the judge does not show any gross abuse of discretion.

The estate of the deceased is very large, the annual income $38,000, and the amount allowed is well within the statutory limit.

The total allowance was very properly made to the widow and none to the minor child. The allowance is for her benefit and support, as she is charged with the care and support of her child.

The fact that there are children is only a reason for increasing the allowance made to the widow. *In re Hayes,* 112 N. C., 76. In *Kimball v. Deming,* 27 N. C., 418, this Court said: "Until the case of *Cox v. Brown,* 5 Ired., 194 (27 N. C., 194), was brought up at the last term, we had never heard that anybody supposed that if a widow died her creditors or children were entitled to claim out of the husband's estate as much as would have supported her for a year if she had lived. It seems to us to be a complete perversion of the act which makes provision

for the temporary maintenance of the widow and her family. . . .
All this shows that the purpose was to make provision for the presssing
wants of the widow personally and to enable her at that mournful
juncture to keep her family about her for a short season, and prevent
the necessity of scattering her children abroad until time were allowed
for selecting suitable situations for them."

Affirmed.

The costs of this Court will be paid by the Raleigh Savings Bank and
Trust Company, executor of the estate of John C. Drewry, out of the
funds in its hands belonging to John C. Drewry, junior, and James G
Hanes, junior.