TINA HOLLAND v. M. TURNER HENSON ET AL.

(Filed 3 June, 1925.)

**Husband and Wife—Widow's Yearly Allowance—Statutes—Limitation as to Income of Deceased Husband.**

Under the provisions of C. S., 4125, the limit of the widow's yearly allowance, that it shall not exceed one-half the annual net income of her deceased husband upon a basis of three years preceding his death, is the

average yearly net income or the income for every twelve months, and not one-half of the sum total of the annual net income for three years next preceding his death. *Drewry v. Bank*, 173 N. C., 664.

APPEAL by plaintiff from *Schenck, J.,* at November-December Term, 1924, of HAYWOOD.

Special proceeding for the allotment of a widow's year's allowance under C. S., 4108 *et seq.,* instituted before the clerk of the Superior Court of Haywood County and heard on appeal by the judge at term.

The clerk found as a fact that the value of the net annual income of plaintiff's husband, W. J. Holland, for three years next immediately preceding his death was $2,500; that his widow in the usual proceeding for allotment of a year's support had been awarded the sum of $300, and that she had consumed in addition $200, making a total of $500; that the amount annually necessary for her use was $2,350; that the one-half of the annual net income for one year was $1,250, and after deducting the $500, the amount previously allotted and consumed, rendered judgment for the petitioner and against the administratrix for $750. On appeal to the judge, the judgment of the clerk was, in all respects, confirmed. Plaintiff appeals.

*William J. Hannah and William T. Hannah for plaintiff.*
*Smathers & Robinson for defendants.*

STACY, C. J. The only question presented by the appeal is whether the limit of the widow's year's allowance, under C. S., 4125, is the one-half of one year's net income, based on the annual income for three years next preceding the husband's death, as held by the court below, or the one-half of the sum total of the annual net incomes for three years next preceding the husband's death, as contended for by the plaintiff. The statute is as follows:

"The said commissioners shall be sworn by the justice and shall proceed as prescribed in this chapter, except that they may assign to the widow a value sufficient for the support of herself and her family, according to the estate and condition of her husband and without regard to the limitation aforesaid in this chapter; but the value allowed shall not in any case exceed the one-half of the annual net income of the deceased for three years next preceding his death. This report shall be returned by the justice to the court."

We think the court below has correctly interpreted the statute in the present case. *Drewry v. Bank,* 173 N. C., 664.

Annual net income means yearly net income, or the net income for every twelve months.

Affirmed.