JONATHAN E. COX, *et al.*, Trustees, *v.* B. L. LONG.

If a person agree to purchase articles to be delivered by a certain time, and which are promised to be of a certain good quality, and after payment for the same, and after it is too late to return them without prejudice to himself, he finds out that they are of inferior quality, he may sustain an action to recover damages on account of the inferior quality of the articles, although he has taken and used them.

This was a CIVIL ACTION, brought to the Superior Court of the county of GUILFORD, in which the defendant demurred to the complaint of the plaintiff. His Honor, *Tourgee, J.*, at the last Spring Term of the Court sustained the demurer, and ordered that the plaintiffs amend their complaint upon

the terms of paying all the costs, or that the suit be dismissed. From this order the plaintiffs prayed and obtained an appeal to the Supreme Court. The case is sufficiently stated in the opinion of the Court.

*Mendenhall & Staples*, (with whom was *W. H. Bailey*,) referred to the following cases: *Caldwell* v. *Smith*, 4 Dev. & Bat. 64; *McIntyre* v. *McIntyre*, 12 Ired. 302; *Barnes* v. *Barnes*, 65 N. C. Rep. 262; *Waldo* v. *Halsey*, 3 Jones 110; *Sapona Iron Co.* v. *Holt*, 64 N. C. Rep. 335; *Mendel* v. *Steel*, 8 M. & W. 858; *Harrington* v. *Stratton*, 22 Pick. Rep. 510; *Jones* v. *Bright*, 15 Eng. C. L. Rep. 529; *Riggs* v. *Burridge*, 15 M. & W. 598; *Gardiner* v. *Long*, 4 Camp. 144; *Laing* v. *Fidgeon*, Ibid. 169. The counsel also cited the following authorities: Brown's Com. 354; 1 Arch. N. P., 306; 3 Black. Com. 164, note 24; 1 Par. on Con. 465, note N; 2 Smith's L. Cas. 32; Broom's Legal Maxims 747 and 768; Benjamin on Sales, 680, 682.

*J. T. Morehead, Jr.*, for the defendant cited Stark on Ev. 1,646 and 1,647, and the following cases *Caldwell* v. *Smith*, 4 Dev. & Bat. 64; *McIntyre* v. *McIntyre*, 12 Ired. 299; *Dickson* *Jordan*, 11 Ired. 166. and *Matthews* v. *Smith*, 67 N. C. Rep. 374.

SETTLE, J. ·The defendant contracted to deliver to the plaintiffs on the railroad at Newbern, sixty thousand cypress shingles, four inches wide and twenty inches long. The shingles were paid for, shipped and hauled from the railroad in Guilford county to the plaintiffs' building, before the plaintiffs were aware of the fact that they only measured three inches in width and seventeen inches in length.

The plaintiffs allege, and the defendant admits by his demurrer, that the shingles were received too late for the plaintiffs to secure others in their stead without immense damage to a new building then being erected by them, and

Cox *et al.*, Trustees, *v.* Long.

great delay in its completion, and that they were compelled to use these shingles or a part of them for the protection and completion of their building.

The defendant says that by receiving the shingles and using them the plaintiffs waived any want of conformity to the contract, and right of action they might have had for breach of the contract. The principle governing this case is so well stated in the notes to *Cutter* v. *Powell*, 2 Smith, leading cases, pages 32 to 35, that we will content ourselves by making a few extracts therefrom:

" It is settled by *Street* v. *Blay*, and *Poulton* v. *Lattimore*, that where an article is warranted, and the warranty is not complied with, the vendee has three courses, any one of which he may pursue: 1. He may refuse to receive the article at all; 2. He may receive it and bring a cross action for a breach of the warranty; or, 3. He may, without bringing a cross action, use the breach of warranty in reduction of the damages in action brought by the vendor for the price. * * * But although *Street* v. *Blay*, and *Poulton* v. *Lattimore*, clearly establish these principles, yet it is the opinion of a writer of great merit and learning (Mr. Starkie) that where there is a specific bargain as to price, but no warranty, and goods inferior in value to those contracted for have been delivered, the vendee must, *where it is practicable to do so, without prejudice,* return the goods and thus rescind the contract *in toto;* and if he does not he must be taken to have acquiesced in the performance of the contract."

The author says it is not apprehended that this position leads to any very extensive consequences, because it is confined by Starkie himself to those cases in which "it is practicable to return the goods without prejudice," &c. Neither, it is apprehended, can Mr. Starkie's position apply to any case in which the vendee's necessity for the goods is urgent,

and where it is better for him to have goods worse than the description in the contract than to have none at all.

In such a case he certainly cannot rescind the contract without prejudice, &c. The position therefore of Mr. Starkie applies to a comparatively small number of cases, &c. It will be observed that the principle here contended for grows out of cases where there has been an express warranty; but as the learned author says of certain promises in the cases he was discussing, we say what difference is there in reason between the effect of an express warranty and such a promise as was broken by the defendant in our case. What was his promise but an express warranty? It is apprehended that anything said at the time of making a contract, if it be not a mere representation, is an express warranty."

The cases cited by the defendant's counsel from our own reports, so far from conflicting with these principles, recognize and support them.

Let this be certified that in sustaining the demurrer and dismissing the action there was error.

PER CURIAM.                              Judgment reversed.