## W. AUSTIN *v.* R. E. MILLER.

Where A hired a horse to B, upon an express contract that B shou'd return the same at a specified time in as good condition as she then was, and should he fail to do so, B was to pay A a specified sum as the price of the horse, and B, after the time specified returned the horse, which had been greatly injured; in an action brought by A. against B to recover the price: *It was held*, that the acceptance of the horse by the plaintiff did not necessarily constitute a rescission of the contract or a waiver of the right to recover thereunder:

*It was further held*, that the plaintiff having subsequently sold the horse, that the price received should be credited upon the judgment recovered of the defendant in this action.

(The cases of *Cov* v. *Long*, 68 N. C. Rep 8; *Spiers* v. *Halstead*, at this term, cited and approved.)

CIVIL ACTION, tried before his Honor, Judge *Furches*, at Fall Term, 1875, of the Superior Court of CALDWELL county.

The plaintiff alleged: That on November 3d, 1873, the defendant came to him in Lenoir, and wanted a horse, buggy and driver to go to Boone, in Watauga county. He agreed, in consideration of a reasonable hire, to furnish the same, as desired, and had them ready, and so told defendant. The defendant then said that he did not wish a driver; that he would take another young man with him, and one of them could drive. The plaintiff refused to allow the horse to go upon such conditions, stating that if two of them wished to go, he would send his hack, with a double team and driver; that his mare was a spirited and valuable animal, then with foal, and that he was unwilling that any one but a person acquainted with her should drive her. The defendant then said, "Price your mare, and if I do not bring her back tomorrow night as good as she is, I will pay you your price for the mare." Plaintiff then said, "I will take two hundred and fifty dollars for the mare, and if she is not hurt I will take

her back; if she is, you must pay me for her, and I shall expect you to do it."

The mare was not returned to the plaintiff until November 8th, and when returned, showed the effects of hard and reckless driving, and has not since recovered from the effects of the trip. She was damaged to the amount of one hundred dollars, and the defendant has never paid the price of said mare as he contracted to do.

The defendant denied in his answer that he ever said to the plaintiff, "Price your mare,." &c., as above stated, and averred that it was expressly agreed and stipulated between the parties, that if the mare was injured or became sick from colic, the defendant was not to be responsible therefor. The only injury to the mare arose from an attack of colic, from which she speedily recovered, and from which she suffered no material injury. That the mare when returned, was sound and well; was received by the plaintiff, and shortly thereafter sold by him for one hundred and fifty dollars, which was her full value.

The defendant denied that he drove the mare recklessly, or in any way used her improperly or negligently. He admitted that he had not paid the sum of two hundred and fifty dollars, but avers that he paid the hire for the horse and the buggy, and that the same was received by the plaintiff.

Upon the issues submitted by the plaintiff and the defendant respectively, the jury found:

That the defendant agreed with the plaintiff either to pay him two hundred and fifty dollars, the price of his mare, or to bring her back the next night in as good condition as when he hired her. That the defendant did not bring the mare back the next night in as good condition as when he hired her. That the defendant has never paid the plaintiff the price of the mare as agreed. That after the commencement of this action the plaintiff received the mare and sold her for one hundred and fifty dollars, which was a fair price for her at

the time of the sale. The plaintiff has not received from the defendant the hire for the mare. The mare was injured by the immoderate driving of the defendant to the amount of one hundred dollars.

The plaintiff thereupon moved the court for judgment for two hundred and fifty dollars, the price of the mare, offering to credit the judgment with one hundred and fifty dollars, the price for which the mare was sold. The motion was overruled and judgment rendered against the plaintiff for costs, and thereupon the plaintiff appealed.

*Folk & Armfield,* and *Johnstone Jones,* for the appellant. No counsel *contra* in this court.

READE, J. It is not controverted that if the defendant had not returned the mare at all, he would have been liable for the price agreed on, $250. And the same is true if he had offered to return her *injured,* and the plaintiff had refused to receive her. So the question is, whether the fact that he did, after the time agreed on, return the mare in a damaged condition, when she was received by the plaintiff and sold, make any difference? Can we say, as a matter of law, that the taking of the mare back was a recission of the contract, or a waiver of the plaintiff's right to recover for a breach of the contract? It is evident, as a matter of fact, that the plaintiff did not intend it as a recission or waiver, for he had already instituted his suit for damages, and continued to prosecute it. The reasonable implication is, that when the plaintiff received the mare back, he had no purpose to release the defendant, but fearing that if he refused to take her, he might lose the mare and the price too, he determined to take her as a *security* for the claim which he had against the defendant, and to do the best he could with her. If this was not so, then it would have been easy for the defendant to submit an issue to the jury

embracing the enquiry as to the *intent* of the plaintiff. This he chose not to do.

If A agrees to deliver to B an article of a certain quality for which B is to pay a certain price, and an article of an inferior quality is offered, B may refuse to receive it. And, generally, this is the better way, the contract being executory. But if B has paid for the article, and by rejecting it he may lose the money and the article both, then the better way is for him to receive the article and make the most of it, and sue A for a breach of the contract. That is substantially what the plaintiff did in this case. It is like the shingle case, *Cox* v. *Long*, 69 N. C. Rep., 8. There Long had agreed to furnish Cox shingles of a certain quality, at a certain price, and Cox had paid for them. Shingles of an inferior quality were delivered, and Cox, under stress of circumstances, and to keep his house from injury, received and used them, and sued Long for a breach of his contract, and recovered. So here, the defendant promised to deliver the mare in a certain condition; he delivered her in an inferior condition. The plaintiff, under stress of circumstances, to keep from losing his mare, took her and used her, and sued for breach of the contract. *Spiers* v. *Halstead*, at this term.

There is error. Judgment reversed, and judgment here for plaintiff upon the finding of the jury, upon the basis of $250 for the breach of the contract, less $150, which plaintiff waived on the sale of the mare, with interest from the time of the verdict.

PER CURIAM.                    Judgment accordingly.