RICHARD P. SPIERS v. HALSTED, HAINES & CO.

It is not error for the court below, in an action for unliquidated damages, to permit the plaintiff to amend his complaint, by decreasing the amount claim ed. to a sum less than five hundred dollars, in order to oust the jurisdiction of the United States Courts.

A purchased from B in New York, goods to be shipped at a specified time; the goods were not shipped until a month afterwards, during which time they had depreciated in value twenty per cent.: *Held,*

(1.) That the goods having been paid for, and A's receiving and selling the same after they did arrive, constituted no waiver of his right to recover damages: and

(2.) That the measure of damage in such case, is the difference in the market value of the goods, at the place of delivery, at the time they were to have been delivered, and that value upon their arrival.

CIVIL ACTION for the recovery of damages, tried before *Moore, J,* and a jury, at December (Special) Term, 1875, of HALIFAX Superior Court.

The defendants filed a petition setting forth that the plaintiff was a citizen of North Carolina; that all the defendants

were citizens of the State of New York; that the amount in controversy exceeded five hundred dollars; and prayed the court to order the cause to be transferred to the next Circuit Court of the United States for the Eastern District of North Carolina. The petition was not verified.

The plaintiff moved the court for leave to amend the complaint by striking out $1,219.81, the amount of damages alleged in the complaint, and inserting $499, and tendered to the defendants a waiver in writing of all damages above that sum.

The motion was resisted by the defendants but allowed by the court, and the motion of the defendants to remove the cause was overruled.

From the ruling of his Honor, refusing the motion to remove, the defendants appealed.

The defendants moved the court to continue the case pending the appeal. The motion was overruled, and the defendants entered into the trial under protest.

The plaintiff alleged in his complaint: That on the 20th day of September, 1873, with the purpose of replenishing his stock of goods, at his place of business in the town of Halifax, he bought from the defendants, goods, wares and merchandise to the value of $1,499.50.

On said day he paid to the defendants the price of said goods, and in consideration thereof, and as a part of the terms and conditions of the sale, the defendants agreed and promised to ship said goods on or about the 23d day of September next ensuing, from the place of business of the defendants in the city of New York, to the town of Halifax.

The defendants in violation of the terms and condition of said sale, did not ship said goods to the plaintiff until the 17th day of October, 1873, and by reason of the failure the plaintiff was damaged to the amount, &c."

The defendants denied the terms of the contract as alleged in the complaint, and alleged a sale of goods, conditional upon

the payment of a policy of insurance upon the life of the father of the plaintiff, for five thousand dollars; and avered compliance with the contract.

Upon the trial, the plaintiff introduced evidence tending to show, that on the 20th of September, 1873, he entered into the alleged contract. That the goods bought by him were not shipped until the 17th of October following. Before the receipt thereof, such goods as he had bought had depreciated in value thirty-three and one-third per cent in the city of New York.

Upon the examination of the plaintiff as a witness in his own behalf, he admitted that he received the goods without objection, used them in the course of his business, and did not make known to the defendants his dissatisfaction until after the receipt of the goods, or in any other way than by bringing suit for the recovery of damages ; giving as a reason for his failure to do so, that the defendants had retained from the said policy of insurance the price of the goods, and he found that they would have nothing he could attach in this State.

The following issues were submitted to the jury, and the response of the jury is annexed to each issue respectively :

1. Did the defendants undertake and agree, at the time of the purchase of the goods by the plaintiff, immediately to ship the same to him at his place of business in Halifax ?

Answer : They did.

2. Did the plaintiff agree that the goods should be retained until the insurance policy was paid or guaranteed by the Insurance Company ?

Answer : He did not.

3. Should the jury find the issues for the plaintiff, then what damage has the plaintiff by said failure sustained ?

Answer : Four hundred and ninety-nine dollars.

4. What was the difference in New York, in the value of the goods between the 20th of September and 17th of October ?

Answer : Twenty per cent.

The defendants insisted that the receiving and using the goods by the plaintiff was a waiver of his right to claim damages. His Honor ruled otherwise.

The defendants requested the court to instruct the jury :  ⁄

There is no evidence that the goods were worth in the market of Halifax less than Spiers gave for them, or that he sold them for less than they cost. He cannot recover the loss of a good bargain. He might not have sold them at a large profit. He cannot recover a speculation. He can only recover damages actually sustained.

His Honor refused the instruction prayed for, and charged the jury :

That if they should find that the defendants under their contract with the plaintiff, were not to ship the goods until the policy of insurance had been paid or guaranteed by the Insurance Company, they should find both the first and second issues for the defendants. But if the contract was, that the goods were to be shipped at once, or in the ordinary course of business, whether said policy were then paid or not, and they failed so to do, then they should find said issues for the plaintiff.

2. That if they should find said issues for the plaintiff, he was entitled to recover damages, the difference in the market value of the goods, if there were any, between the time they should have been delivered in due course of transit, and when they were actually delivered. That the plaintiff could not recover for the loss of a good bargain merely, or other profit he might have made on the goods, but only the actual depreciation in their market value at Halifax, if any, whilst withheld by the defendants. In no event could they allow the plaintiff more than $499.00.

Judgment was rendered in favor of the plaintiff, in accordance with the verdict.

Motion for a new trial. Motion overruled and defendants appealed.

*Moore & Gatling* and *Batchelor & Son*, for appellants.
*Walter Clark*, contra.

Pearson, C. J. This is an action to recover unliquidated damages, and as in such actions the plaintiff cannot have judgment for more than he claims, the general practice is to set out in the complaint a large sum under a *videlicet.* " That is to say," &c. There is no harm done by this mode of pleading, except when the plaintiff asks to hold the defendant to bail, and exaggerates the alleged damage for the purpose of oppression, by forcing the defendant to give excessive bail. For this the law provides a remedy.

In this case nearly the whole amount of the price paid for the goods is claimed as damages in the original complaint, but there is no suggestion or reason to suppose that the attorney in framing the complaint intended any oppression, or wished to take any advantage of the defendants, and when he found by the affidavit for removal into the Federal Court, that by careless pleading he had exposed his client to this inconvenience, he asked to amend by putting the amount of the supposed damages $499, which if he had thought about "the Federal Court" would have been done in the first instance. His Honor allowed the amendment, and we concur with him as to its propriety. What harm is done to the defendants by the amendment ? By it they are assured that the plaintiff can in no event recover more than $499. This assurance takes the case out of the operation of the Act of Congress. The defendants will hardly say this slip in pleading amounts " to an estoppel," a word very much in vogue at this stage in the progress of the practice of the law.

The goods filled the bill in quality and quantity, and the *plaintiff had paid for* them ; so it was an executed contract.

SPIERS *v* HALSTEAD, HAINES & Co.

When the goods arrived in Halifax, one month behind time, what was the plaintiff to do? The vendors lived in New York and *had his money*. A refusal to take the goods, would leave him without any security for the money he had paid. So prudence suggested, "take the goods and sue the vendors for not sending them in time." We can see no principle of law or of equity which forbade this. In fact, it was the best thing he could do, as well for the defendants as for himself. Suppose he had refused to take the goods, he would have had no security for the money he had paid, and the defendants would hvae suffered heavy loss in having the goods sent back, or in selling them at auction in the town of Halifax.

It follows, there is no ground on which to presume that, by taking the goods, the plaintiff waived or forfeited his right of action, for the damage he had sustained by a breach of the contract on the part of the defendants. In regard to the measure of damages, we can see no other rule than the difference between the value of the goods in September, when they ought, by the contract, to have been delivered, and the value in October, when they were delivered.

The notion of having an account taken of what the plaintiff sold the several articles of "the goods, wares and merchandise, bought of defendant," cannot be entertained for one moment.

There is no error.

PER CURIAM.                    Judgment affirmed.