### ISAAC H. HARRIS v. W. E. CANNADY.

(Filed 11 November, 1908).

**1. Vendor and Vendee—Warranty, What Constitutes.**

To hold a bargainor in a sale responsible for a warranty, it need not be made in express terms; for it is sufficient if the seller makes an affirmation of a material fact at the time of the sale, as an inducement, and it is accepted and reasonably relied on by the buyer.

**2. Same—Evidence—Questions for Jury.**

During the bargain and sale of a horse, the vendor was asked by the vendee if the horse was all right. The vendor said he was sound and all right; nothing the matter except a little distemper which he, being a young horse, would soon get rid of. Vendee replied, that from "what you say and from what I see of the horse, I will give you $115 for him." The vendor accepted, saying it was an insufficient price—he had too many horses—and if

149—6

the vendee found him worth more, he was to pay $10 in addition. *Held,* evidence sufficient to take the case to the jury upon the · question of express warranty.

ACTION tried before *Webb, J.,* and a jury, February Term, 1908, of GRANVILLE, to recover damages for breach of warranty in the sale·of a horse, tried on appeal from a Justice of the Peace.

On issues submitted, the jury rendered the following verdict:

"1. Did the defendant warrant the horse sold to plaintiff to be sound and all right? Answer: 'Yes.'

"2. Was the horse sound and all right? Answer: 'No.'

"3. What. damage has plaintiff sustained? Answer: '$115.' "

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*Graham & Devin* for plaintiff.
*A. A. Hicks* for defendant.

HOKE, J., after stating the case. At the last term of the Court, in the case of *Wrenn v. Morgan,* 148 N. C., 101, the Court held on this question of warranty as follows:

"1. To hold a bargainor in a sale responsible for a warranty, it is not necessary that the warranty should be given in express terms; but an affirmation of a material fact, made by a seller at the time of the sale, and as an inducement thereto, and accepted and relied on by the buyer, will amount to a warranty." Citing, to same effect, Tiffany on Sales, 162; *McKinnon v. McIntosh,* 98 N. C., 89; *Horton v. Greene,* 66 N. C., 596; *Baum v. Stevens,* 24 N. C., 411.

In this last case it was held:

"1. To make an affirmation at the time of a sale a warranty, it must appear upon evidence to have been so intended, and not a mere matter of opinion and·judgment.

"2. Whether an affirmation in a parol contract of sale amounts to a warranty, is a matter of fact to be left to the jury, with instructions from the Court according to the above rule."

And Ruffin, Chief Justice, speaking to this question, said: "Besides, much may have depended upon the tone and emphasis as well as on the words of the party, and the period of his uttering them. These, we think, were all matters properly belonging to the jury, to whom they should have been submitted, with instructions that, if they collected the defendant did not mean merely to express an opinion, but to assert positively that the negro was sound, and that bidders should, upon the faith of that assertion, bid for the negro as sound, then it would amount to a warranty; otherwise, not." *Baum v. Stevens,* 24 N. C., 413.

In this case there was evidence of the plaintiff to the effect that, during the bargain and sale of the horse in question, the defendant was asked by plaintiff if the horse was "all right," and defendant replied, "Yes, he is sound and all right, and nothing the matter with him except he has a little distemper, but he is a young horse and will soon get over that." That plaintiff said, "From what you say about the horse, and what I see of him, I will give you $115 for him." Defendant replied, "That is not enough, but I have too many horses and you can take him at that, and if you find him worth more you can pay me $10 additional," and plaintiff said he would take him.

On this testimony, the Court properly submitted the question of warranty to the jury, and the exception chiefly urged for error, that his Honor declined to dismiss the case as on judgment of nonsuit, is not approved. The charge of the Court is in substantial compliance with the principles stated in the authorities cited, and there is no error in the record which gives defendant any just cause of complaint. The judgment is, therefore, affirmed.

No error.