## R. G. WINN v. C. W. FINCH & SON.

### (Filed 29 March, 1916.)

**1. Vendor and Purchaser—Contracts—Warranty—Reassurance—Verdict.**

Where the seller warrants a horse to be gentle, and the purchaser carries it back to his stables after seeing the horse frightened by an automobile, which had caused injury, and the seller assures him that the horse was as represented, and only "feeling good" at the time he was so frightened, but offers to take him back and surrender the note for the purchase price he had received, which offer the buyer declines to accept, and keeps the horse, though convinced that he was not gentle as warranted, and the jury, under proper instructions from the court, find upon the issue, that there had been a breach of the warranty, it is equivalent to a finding, that the seller renewed his original assurances, upon which the buyer, in the exercise of ordinary care and prudence, relied.

**2. Trials—Evidence—Nonsuit—Appeal and Error.**

In this action for damages for a breach of warranty of a horse, brought by the purchaser, it is held that the evidence was sufficient to take the case to the jury, and the defendant's motion to nonsuit was properly denied. *Hodges v. Smith*, 158 N. C., 256, cited and applied.

**3. Vendor and Purchaser—Contracts—Warranty—Breach—Damages.**

Upon the breach of warranty of a horse, the purchaser is not bound to accept the seller's offer to rescind the contract, but may keep the horse and maintain an action for damages for the breach.

**4. Vendor and Purchaser—Contracts—Warranty—Breach—Measure of Damages.**

The measure of damages for a breach of warranty in the sale of a horse is the difference between its actual value and what the value would have been had the animal been as warranted, and damages for a personal injury caused by the horse not being gentle as warranted was properly excluded in this case.

**5. Judgments—Verdicts — Vendor and Purchaser — Contracts —Warranty — Breach—Damages.**

Where the verdict of the jury upon the issues has established the breach of warranty sued on, and has assessed the amount of the plaintiff's damages, the judgment rendered must be in accordance therewith; and a judgment which requires the defendant to give up a note he has received for the purchase price, and the plaintiff to give up his possession of the horse to defendant, is erroneous.

APPEAL from *Peebles, J.,* at August Term, 1915, of FRANKLIN.

Plaintiff brought this action to recover damages for a breach of warranty in the sale of a horse. He alleged that defendants, who dealt in live stock at Henderson, N. C., had tried to sell him a horse, but they had no horse that suited him, and promised to let him know when they got one of the kind he wanted. In March, 1914, Mr. Finch told him that he had the very horse he wanted and that he would suit exactly.

Plaintiff had stated to him that he wished to buy a horse that was perfectly gentle and sound and so gentle that his children could drive him anywhere, and also suitable for other purposes. Finch said that plaintiff's little boy could drive the horse. After looking at the mare defendants showed him, plaintiff bought her at $125 and gave his note for the price. He found out after driving her that she was always frightened by automobiles, not only while they passed by, but after they had passed her, and she would try to move every time she met one. In May, 1914, when plaintiff, with his son and daughter, was driving her to a buggy from Henderson the mare was frightened at an automobile and ran away, injuring plaintiff and his daughter severely, but not dangerously. When plaintiff first complained about the mare, Mr. Finch told him that he knew she was perfectly gentle, but if he did not want her, they would exchange for any other horse in the stable. Plaintiff looked at the horses, but could not find one that suited him, and late in evening of the same day Mr. Finch said to plaintiff that while he knew the mare was gentle, "and was just feeling good" when she passed the automobiles, he could leave her there and get his note, and plaintiff replied that he would take the mare home, and did so. It was after this occurred that he drove her to a buggy, and she ran away and injured plaintiff and his daughter. After the runaway happened he carried the mare back to Mr. Finch and asked him to take her back and give up his note, which Finch refused to do. Plaintiff also testified that the mare was wind-broken. He stated that he relied on the representations of Mr. Finch as to the mare's gentleness and soundness, both when he first bought her and at the time he took her back, and was assured by Mr. Finch as to her good qualities, and that he took her back the second time because he had relied on the first and second assurances that the mare was gentle and sound.

There were some variations from the above statements of the plaintiff in the cross-examination, but nothing that materially changed the substance of them, but only tended to weaken their force. There was evidence in corroboration of plaintiff and other evidence tending to contradict him.

The court submitted to the jury three issues, which, with the answers thereto, are as follows:

1. Did defendant warrant the mare to be gentle and sound on 18 March, 1914? Answer: "Yes."

2. If so, was the said warranty false? Answer: "Yes."

3. What damage is plaintiff entitled to recover, if any? Answer: "$125."

The judge charged the jury upon the third issue as follows: "If you answer the first and second issues 'Yes,' then you come to the question of

18—171

damages.  The court charges you that the measure of damages in the case of false warranty is the difference between the value of the horse as she was and what she would have been worth if she had been as she was warranted to be." He excluded all damages for injuries to plaintiff and his daughter.

Upon the verdict, the court rendered the following judgment: "This cause being heard at this term before Hon. R. B. Peebles, judge, and a jury, and the jury having found the issues in favor of plaintiff and assessed his damages at $125, and it appearing to the court by the admissions of the parties that plaintiff has never paid defendant for the mare, and that he now has the mare, and that defendant has plaintiff's note, the court doth adjudge that defendant do surrender to plaintiff the note for the mare, and that such surrender forthwith shall satisfy and extinguish the damages established in plaintiff's favor by the verdict, and that defendant do pay the costs of the action. It is further adjudged that plaintiff do forthwith surrender to defendant the mare in question."

Plaintiff excepted, and moved for judgment, according to the verdict, for $125, with interest and costs; and to the refusal of this motion, he again excepted and appealed.

Defendant also excepted because the court refused to nonsuit, and appealed.

*W. H. Yarborough and T. M. Pittman for plaintiff.*
*T. T. Hicks for defendants.*

### DEFENDANTS' APPEAL.

WALKER, J., after stating the case: The court held, and so charged the jury, that there was no evidence of unsoundness, and confined the inquiry to the ungentleness of the mare. Defendants contend that after plaintiff had time to ascertain the qualities of the mare, and that she was frightened by automobiles, he brought her to defendants' stables and they offered to take her back and surrender the note given for her price, and plaintiff rejected the offer and took the mare to his home. Plaintiff replies that he was not bound to rescind the contract at that time, as there already had been a breach of the contract, and he had an election to rescind or not, and, besides, that he acted upon defendants' original warranty and further assurance given, when he returned to the stable with the mare, that defendants knew the mare was gentle and sound. It is true that this was denied by the defendants, but the court left this controversy to the jury under an instruction which was perfectly fair to defendants and stated the rule of law correctly. The jury evidently found, under the evidence and the charge, that the defendants renewed their original assurances of soundness and gentle-

ness, and the plaintiff, in the exercise of ordinary care, relied upon it, and governed himself accordingly; that he did what a man of ordinary prudence would have done in the same circumstances. But the motion of defendants to nonsuit only raises the question whether the plaintiff's evidence, in any reasonable view of it, sustained his cause of action, and we think that it did, and that the court properly submitted the issue to the jury.

This case is somewhat like *Hodges v. Smith,* 158 N. C., 256, where it is said, at pp. 262, 263, after citing numerous cases: "Applying the principle as thus gathered from the authorities, the court erred in not submitting the case to the jury to find the facts and to pass upon the question of warranty. The language of the parties, as used at the time of the transaction, is quite as strong to show a warranty as any to be found in the cases we have cited. The defendant was a dealer in horses, and by the testimony as we now have it he, at least, affirmed that the horse he sold to the plaintiff was of the description he wanted—kind and gentle in harness, and so well broken that even a lady could drive him with safety. The plaintiff says that he relied upon that representation, and bought the horse believing it to be true, and being induced thereby to buy. The jury must decide whether it was intended and accepted as a warranty, and also, upon the evidence, whether there has been a breach thereof, there being evidence of a breach for them to consider." Tiffany on Sales, 162; *Wrenn v. Morgan,* 148 N. C., 101; *Harris v. Cannady,* 149 N. C., 81.

The buyer of a horse warranted to be gentle and kind in harness is not bound to accept an offer of the seller to rescind the contract, if the warranty has been breached, but may keep the animal and rely on his action for the breach and recover his damages. *Kester v. Miller,* 119 N. C., 475; *Robinson v. Huffstetler,* 165 N. C., 459; *Alpha Mills v. Engine Co.,* 116 N. C., 797; *Lewis v. Rountree,* 78 N. C., 323; *Cox v. Long,* 69 N. C., 7; *Cable Co. v. Macon,* 153 N. C., 150; 35 Cyc., 434. It is said in *Cox v. Long, supra:* "Where an article is warranted, and the warranty is not complied with, the vendee has three courses, any one of which he may pursue: (1) He may refuse to receive the article at all; (2) he may receive it and bring a cross-action for a breach of the warranty; or (3) he may, without bringing a cross-action, use the breach of warranty in reduction of the damages in an action brought by the vendor for the price." In this respect we find no error, as the plaintiff had the right to sue upon the warranty, notwithstanding what occurred between him and Mr. Finch at the stable when he came back with the mare and complained of her ungentleness. The motion to nonsuit was, therefore, properly denied, there being some evidence of a breach of the warranty.

The court applied the correct rule as to the measure of damages. *Parker v. Fenwick,* 138 N. C., 209; *Spiers v. Halsted,* 74 N. C., 620; *Mfg. Co. v. Gray,* 126 N. C., 108; *Marsh v. McPherson,* 105 U. S., 709; *Cable Co. v. Macon, supra; Robertson v. Halton,* 156 N. C., 215; *Guano Co. v. Live-stock Co.,* 168 N. C., 442-450. "The general rule as to the measure of damages on a breach of warranty is that the buyer is entitled to recover the difference between the actual value of the goods and what the value would have been if the goods had been as warranted, and in the application of the rule it is held that the fact that the goods were actually worth the price paid for them is immaterial. . . . It is true that in some cases the rule has been stated that the measure of damages is the difference between the purchase price and the actual value of the goods, but in nearly all of these cases the theory undoubtedly is that, in accordance with the general rule, if there is no other evidence of the actual value of the goods, the purchase price will be regarded as the actual value." 35 Cyc., 468.

It follows there was no error in defendant's appeal.

No error.

### PLAINTIFF'S APPEAL.

If, as we have shown in the defendant's appeal, the plaintiff was not bound to rescind the contract and give up the mare upon a surrender of the note, the court had no power to rescind it without his consent. He had obtained a verdict for the damages resulting from the breach of warranty, and the action sounded only in damages. The court should have set aside the verdict, if deemed to be against the weight of the evidence, or if it considered the damages as excessive. This was a matter lying within its discretion. But it did not do this, but entered a judgment which was not germane to the cause of action or to the verdict, but quite different, in its nature, from both of them. If the verdict was allowed to stand, the plaintiff was entitled in law, and as matter of right, to a judgment for the amount of damages assessed by the jury and to his costs; and, therefore, the judgment rendered by the court will be set aside and a judgment entered as above indicated.

If the parties hereafter agree that the contract may be rescinded, or that the amount recovered may be credited on the note, or if they agree upon any other terms of settlement, judgment may be entered accordingly; but otherwise, or without their consent, no judgment other than one upon the verdict, and for costs to the plaintiff, can be given.

It may be that the amount of damages indicates that the jury were endeavoring to adjust the controversy on equitable terms, amounting to a rescission, believing that the recovery would offset the note and that the horse would be given up to the defendants. But we cannot act upon this supposition, as it was not the question submitted to the jury.

We must regard the verdict as strictly responsive to the issue, and only as assessing plaintiff's damages. It is a cardinal rule that the judgment must follow the verdict, and if the jury have given a specified sum in an action for damages, the Court cannot increase or decrease the amount, nor can it change the substance of the verdict; the remedy for any error committed by the jury being a new trial. Black on Judgments (2 Ed.), sec. 142. It follows, therefore, that the judge erred in reforming the verdict or in giving a judgment contrary to its findings.

Since this opinion was prepared, the parties have agreed that the amount of the recovery may be credited on the note, and this will be done in the court below and provided for in the judgment, the costs to be paid by the defendant. There was error in this appeal.

Error.