This is an action brought by plaintiff against defendants William Alston and P. B. Dillard. The plaintiff alleges: "That the defendant P. B. Dillard is now in the possession of the mules described in the mortgages of this plaintiff and on information and belief this plaintiff alleges that any claim which the said P. B. Dillard has on said mules is inferior to the claim of this plaintiff. And that the said defendant P. B. Dillard has given bond and under said bond still retains the possession of both mules."
The prayer of complaint is: "That he have and recover of the defendant William Alston (1) The sum of $214.77 with interest on $91.87 from November 1, 1935, until paid; with interest on $122.90 from November 1, 1936, until paid. (2) That the plaintiff be declared owner and entitled to the immediate possession of the two mules described in the chattel mortgages herein referred to and for an order directing a sale of said mules as provided by law and the proceeds derived from said sale be applied to satisfaction of plaintiff's judgment and the surplus, if any, be disposed of as provided by law. (3) For the costs of *Page 850 
this action as computed by the Clerk. (4) For such other and further relief as to the Court may seem just and proper."
The defendant P. B. Dillard alleges: "That he is the true, lawful and sole owner of the two mules hereinbefore described, and is entitled to the permanent possession thereof," etc. And "prays the Court (1) That he be declared the owner and entitled to retain the possession of the two mules hereinbefore referred to, and that any mortgages executed by the defendant William Alston to the plaintiff, in so far as they include the said mules, be declared null and void and of no effect. (2) That he recover the cost expended by him in this action. (3) For such other and further relief as he may be entitled to receive."
The issue submitted to the jury and their answer thereto, were as follows: "Is the plaintiff, J. J. Carroll, trading as Mebane Store Co., entitled to the immediate possession of the two mules described in the complaint? Answer: `Yes.'"
The plaintiff tendered judgment upon the verdict, which the court refused to sign. Plaintiff excepted, assigned error and appealed to the Supreme Court.
Upon petition and writ of certiorari duly ordered the record was amended so as to speak the truth and to strike out the phrase "and by consent of attorneys of plaintiff." The only exceptions and assignments of error are to the effect that the court refused to sign judgment tendered by plaintiff and signed the judgment shown in the record.
From the verdict of the jury and a careful review of the record, we think the court below should have signed the judgment tendered by plaintiff. Winn v. Finch, 171 N.C. 272 (276); C. S., 1241(2). The cause is remanded that the correct judgment be signed.
Error and remanded.